UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO LOJA | ) | |
| | ) | |
| PLAINTIFF, | ) | Case no.: _____ |
| | ) | |
| v. | ) | |
| | ) | |
| MAIN STREET ACQUISITION CORP. | ) | Jury Demanded |
| and LAW OFFICE OF KEITH S. | ) | |
| SHINDLER LTD. d/b/a | ) | |
| SHINDLER & JOYCE, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## **COMPLAINT**

Plaintiff, Mario Loja, brings this action to secure redress for relief against Defendant Main Street Acquisition Corp. and Law Office of Keith S. Shindler Ltd. doing business as Shindler & Joyce. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., and the Illinois Collection Agency Act, 225 ILCS 425/ *et seq*.

## **VENUE AND JURISDICTION**

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and supplementary jurisdiction under 28 U.S.C. § 1367.

2. Venue in this District is proper as to Defendant Main Street Acquisition Corp. because Defendant transacts business here and the debt collection activity upon which this Complaint is based was performed here.

3. Venue in this District is proper as to Defendant Law Office of Keith S. Shindler Ltd., doing business as Shindler & Joyce, because Defendant transacts

substantial business here, maintains an office here, and the debt collection activity upon which this Complaint is based was performed here.

## PARTIES

4. Plaintiff, Mario Loja, ("Mr. Loja") is a natural person and resident of DuPage County, Illinois, from whom Main Street Acquisition Corp. and Shindler & Joyce (collectively "Defendants") attempted to collect a delinquent debt allegedly owed for a defaulted Washington Mutual Finance Visa credit account. Mr. Loja is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the Fair Debt Collection Practices Act ("FDCPA").

5. Defendant, Main Street Acquisition Corp. ("Main Street") is a Nevada corporation that acts as a debt collector, as defined by § 1692a(6) of the FDCPA because it regularly uses the mail and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts.

6. Main Street is licensed as a collection agency in the State of Illinois and is registered as a collection agency with the Illinois Department of Financial and Professional Regulation (IDFPR).

7. Defendant Law Office of Keith S. Shindler Ltd., doing business as Shindler & Joyce ("Shindler"), is an Illinois law firm that acts as a debt collector as defined by § 1692a(6) of the FDCPA because it regularly uses the mail and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Shindler does or transacts business in Illinois. Shindler's principal offices and registered agent is located at 1990 E Algonquin Rd, Wheeling, IL 60173.

8. In 2016, Defendant Shindler filed over 1000 debt collection lawsuits in Cook County, Illinois, to collect defaulted consumer debts.

## FACTS

9. According to Main Street, Mr. Loja incurred a debt for the purchase of goods or services used for personal, family, or household purposes, originally for a Washington Mutual Finance Visa credit card associated with an account ending in 3010 and issued by "Chase/Washington Mutual" ("alleged debt"). The alleged debt is thus a debt as that term is defined by § 1692a(5) of the FDCPA.

10. According to Main Street, Mr. Loja failed to pay the balance on the alleged debt.

11. The last payment on the alleged debt was on or around October 18, 2009. (See Exhibit A, State Action summons, complaint and affidavit. Affidavit ¶10).

12. The alleged debt was thus in default on or around October 18, 2009.

13. The account was charged off on or about June 30, 2010. (See Exhibit A, State Action summons, complaint and affidavit. Affidavit ¶6).

14. At some point thereafter, according to Main Street, it purchased the alleged debt. (See Exhibit A, State Action summons, complaint and affidavit).

15. Main Street thereafter hired Shindler to collect the alleged debt.

16. Shindler was authorized to attempt to collect the alleged debt on behalf of Main Street.

17. At all times relevant to this Complaint, Main Street authorized, directed and ratified Shindler's actions taken in connection with the collection of the alleged debt from Mr. Loja.

18. Shindler acted in a representative capacity on behalf of Main Street.

19. Shindler's employees or representatives were acting at the control and direction of Main Street, which is vicariously liable for the actions of Shindler's employees and/or representatives.

20. On February 17, 2016, Main Street, through its attorneys Shindler, filed a lawsuit against Mr. Loja in an attempt to collect the alleged debt. Main Street's complaint was styled as *Main Street Acquisition Corp. v. Mario Loja*, case # 2016 SC 000730 in the Circuit Court of the 18th Judicial Circuit, DuPage County, Illinois ("State Action"), alleging that Mr. Loja owes $4,018.07 plus court costs to Main Street. (Exhibit A, State Action summons, complaint and affidavit).

21. The credit card account that is the subject of Main Street's State Action against Mr. Loja is not Mr. Loja's account.

22. In fact, Mr. Loja has never opened or maintained a Washington Mutual personal credit card account.

23. On or around March 17, 2016, Mr. Loja was served in the State Action.

24. Defendant Main Street identified Mr. Loja as the person it intended to bring the action against by identifying him by name and listing his home address in summons of the State Action. (Exhibit A, State Action summons, complaint and affidavit).

25. Though Mr. Loja did not owe the alleged debt, the date of the last payment and default was nonetheless more than five years prior to the filing of the State Action.

26. In Illinois, a plaintiff has five years to sue for violation of an unwritten contract. 735 ILCS 5/13-205 *Ramirez v. Palisades Collection LLC*, Civil Action No. 07 C 3840, 2007 U.S. Dist. LEXIS 95972, at *1 (N.D. Ill. Dec. 5, 2007).

27. The purported debt, the collection of which was based upon an unwritten contract, was thus barred by the five-year Illinois statute of limitations for contracts not wholly in writing, as the State Action was filed on February 17, 2016—more than 5 years after the date of last payment on or around October 18, 2009, and more than 5 years after default.

28. The filing of the State Action lawsuit on February 17, 2016 was barred by Illinois law, as it was filed more than five years after the date of last payment.

29. Plaintiff was forced to file and pay for an appearance in the State Action, retain and pay counsel to defend the State Action, incurring financial damages thereby, and Plaintiff suffered emotional distress due to Defendants' actions, as detailed below.

30. Defendants file lawsuits, as in this case, which they know or should know are time-barred, hoping that the debtors will default. In a majority of instances, they do default.

31. Main Street is liable for the actions of Shindler, committed in connection with the collection of the alleged debt from Plaintiff. *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 U.S. App. LEXIS 6361, at *20 (7th Cir. Apr. 7, 2016) ("Asset Acceptance is itself a debt collector, so under the logic of Pollice and Fox, it may be held liable for Fulton's violations of the Act in the course of activities undertaken on its behalf.").

32. In its State Action against Mr. Loja, Main Street made the following misrepresentations in its complaint, which were communicated to Plaintiff when he was served with a copy of the same:

- That "… MARIO LOJA, entered into a credit card agreement or line of credit agreement whereby Defendant(s) received a credit card or line of credit and could charge goods and services to their account and/or receive cash advances."

- That Mr. Loja "…subsequently defaulted by failing to pay for the indebtedness incurred resulting in the balance due in the amount of $4,018.07.";

- Credit was opened by Mr. Loja with an unidentified creditor which was the subject of the State Action;

- That "Due demand has been made on the Defendant(s) [Mr. Loja] to pay the amount(s) due and owing and the Defendant(s) has failed to do so.";

- An agreement was created between Mr. Loja and an unidentified creditor;

- Mr. Loja breached the agreement;

- Mr. Loja originally owed $4,018.07 to an unidentified creditor; and

- Mr. Loja now owed $4,018.07 plus the costs of the State Action to Main Street.

(Exhibit A, State Action, complaint).

33. In its State Action against Mr. Loja, Main Street made the following misrepresentations in its sworn affidavit, which were communicated to Mr. Loja:

- That Mr. Loja "requested and was issued or reissued a Washington Mutual Finance Visa credit card."

- That the amount of $4018.07 was due and payable from Mr. Loja to Washington Mutual Finance as of March 7, 2011;

- Mr. Loja maintained an account with Washington Mutual Finance ending in 3010;

6

- Main Street made a demand for payment of the balance due and owing on the alleged account but Mr. Loja failed or refused to pay.

- Mr. Loja owes Main Street the sum of $4018.07 as of March 27, 2014, the date of the affidavit.

- Mr. Loja made a payment on the account of $214.59 on or about October 18, 2009.

    (Exhibit A, State Action, affidavit).

34.     Section 1692e of the FDCPA provides as follows:

**§ 1692e.  False or misleading misrepresentations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
**…**
**(2)  The false representation of—**
**(A)  the character, amount, or legal status of any debt; or**
**(B)  any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**
**…**
**(5)  The threat to take any action that cannot legally be taken or that is not intended to be taken.**
**…**
**(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

35.     Main Street violated §§ 1692e, e(2)(A), e(2)(B), e(5), and e(10) of the FDCPA when it made false, deceptive, or misleading representations in the connection with the collection of a debt.

36.     Specifically, Main Street violated § 1692e of the FDCPA when it made false, deceptive, or misleading representations in the State Action complaint and affidavit identified in ¶¶ 32-33 *supra*.

7

37. Main Street violated § 1692e(2)(A) of the FDCPA when it made false, deceptive, or misleading representations in the State Action complaint, thereby falsely representing the character, amount, or legal status of the debt as Mr. Loja did not owe the debt and Main Street could not legally collect the debt or costs of the State Action from Mr. Loja.

38. Main Street further violated § 1692e(2)(A) of the FDCPA when it made false, deceptive, or misleading representations in the State Action complaint, thereby falsely representing the character, amount, or legal status of the debt when it filed the State Action against Mr. Loja after the applicable statute of limitations on the alleged debt had expired and Main Street could not legally file suit to collect the debt or costs of the State Action from Mr. Loja.

39. Main Street violated § 1692e(2)(B) of the FDCPA when it made false, deceptive, or misleading representations in the State Action complaint that the services rendered or compensation, specifically the costs of the State Action, may be lawfully received by it for the collection of the alleged debt.

40. Main Street violated § 1692e(5) when it threatened, in its State Action complaint, to obtain judgment against Mr. Loja for the alleged debt, that could not legally be sought or obtained.

41. Main Street violated § 1692e(5) when it threatened to take legal action by obtaining a judgment against Mr. Loja for the costs of the State Action, that could not legally be sought or obtained.

8

42. Main Street violated § 1692e(10) when it made false, deceptive, or misleading representations in the State Action that Mr. Loja was liable for the alleged debt.

43. Main Street violated §1692e(10) by using false representations or deceptive means to collect a debt by misrepresenting that Mr. Loja owed the balance stated in its State Action complaint in an attempt to collect the debt from Mr. Loja, when it knew or should have known he did not owe the debt.

44. On March 23, 2016, Mr. Loja appeared at a hearing and stated in open court that he did not owe the debt. Mr. Loja thus disputed owing the alleged debt. Main Street's counsel, defendant Shindler, was present at the hearing.

45. Upon information and belief, Shindler notified its client, Main Street, that Mr. Loja had stated in open court that the debt was not his.

46. The judge in the State Action continued the matter for bench trial on May 18, 2016.

47. Despite Mr. Loja's statement to the court and to Defendants, on March 23, 2016, that the alleged debt was not his, Defendants continued to litigate toward judgment in the State Action.

48. On or around May 4, 2016, Mr. Loja filed an appearance in the State Action and paid an appearance fee of $162.00.

49. On or around May 4, 2016, Mr. Loja mailed his appearance to Defendant Shindler. In the mailing, Mr. Loja included a letter again stating that the debt was not his and that he did not owe the debt.

50. Shindler received Mr. Loja's appearance and letter stating he did not owe the debt.

51. On or around May 12, 2016, Mr. Loja received a telephone call from an agent or employee of Shindler's who identified himself as an attorney with Shindler.

52. Shindler's attorney was acting in a representative capacity for Main Street.

53. Shindler's attorney acknowledged that Mr. Loja had sent them paperwork, an apparent reference to Mr. Loja's appearance and letter stating the debt was not his.

54. Shindler's attorney attempted to collect the debt by trying to have Mr. Loja settle the lawsuit with Main Street.

55. Mr. Loja responded that he does not have to settle the State Action because the alleged debt is not his.

56. Mr. Loja subsequently retained and paid counsel, attorney Rob Harrer of The Law Office of Robert W. Harrer, P.C., to defend him in the State Action bench trial.

57. On May 18, 2016, a bench trial was held and judgment was entered in favor of Mr. Loja, and the case was dismissed <u>with prejudice</u>. (Exhibit B, Order in State Action).

58. At the trial, Mr. Loja's counsel requested that Main Street pay Mr. Loja the $162 for his appearance as is required under § 735 ILCS 5/5-109.

59. Counsel for Main Street objected to returning the appearance fee and Mr. Loja was not reimbursed for his appearance cost.

60. Mr. Loja suffered actual damages as the result of Defendants' actions, including financial damages, including attorney fees and an appearance fee, and emotional distress.

61. As a debt collector, Main Street is vicariously liable for the acts and omissions of Shindler, committed in connection with efforts to collect the alleged debt from Mr. Loja. See *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 U.S. App. LEXIS 6361, at *20 (7th Cir. Apr. 7, 2016) ("Asset Acceptance is itself a debt collector, so under the logic of *Pollice* and *Fox*, it may be held liable for Fulton's violations of the Act in the course of activities undertaken on its behalf.").

62. Defendants' collection communications and activities are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* – MAIN STREET

63. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

64. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant Main Street violated the FDCPA, 15 U.S.C. § 1692 *et seq.* in one or more of the following ways:

   a) Main Street violated 15 U.S.C. § 1692d when it filed the State Action against Mr. Loja in an attempt to collect a debt when it knew or should have known that Mr. Loja did not owe the debt, the natural consequence of which was to harass, oppress, or abuse Mr. Loja;

   b) Main Street violated 15 U.S.C. § 1692d when it continued to litigate the State Action against Mr. Loja in an attempt to collect a debt after it knew or should have known that Mr. Loja did not owe the debt, the natural consequence of which was to harass, oppress, or abuse Mr. Loja;

   c) Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it filed suit against Mr. Loja on a time-barred debt.

11

d)     Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in the State Action complaint that Mr. Loja had entered into an agreement for credit on the subject account, when no agreement had been made;

e)     Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in the State Action complaint that Mr. Loja had received a credit card or line of credit when he had never received a credit card or line of credit for the subject account;

f)     Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in the State Action complaint that Mr. Loja defaulted by failing to pay for the indebtedness incurred;

g)     Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in the State Action complaint that credit was opened by Mr. Loja on the subject account;

h)     Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in the State Action complaint that "due demand" had been made on Mr. Loja to pay the amount when no demand had been made.

i)     Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in the State Action complaint that an agreement for the alleged debt had been created when it had not;

j)     Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in the State Action complaint that Mr. Loja is indebted to Main Street for the amount of $4018.07 when no such indebtedness existed;

k)     Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in the State Action complaint that Mr. Loja had owed Washington Mutual Finance $4018.07 as of October 18, 2009, when he did not;

l) Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in the State Action complaint that Mr. Loja could owe the costs of the State Action to Main Street when he could not.

m) Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in the State Action complaint that Mr. Loja breached the alleged agreement when no agreement existed;

n) Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in its affidavit attached to the State Action complaint that Mr. Loja requested a Washington Mutual Finance Visa credit card when he did not.

o) Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in its affidavit attached to the State Action complaint that Mr. Loja "was issued or reissued" a Washington Mutual Finance Visa credit card when he was not.

p) Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in its affidavit attached to the State Action complaint that the amount of $4018.07 was due and payable from Mr. Loja to Washington Mutual Finance as of March 27, 2014, when no such indebtedness existed;

q) Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in its affidavit attached to the State Action complaint that Mr. Loja maintained an account with Washington Mutual Finance ending in 3010;

r) Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in its affidavit attached to the State Action complaint that it had made a demand for payment on the alleged account to Mr. Loja and that he refused to pay.

s) Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in its affidavit attached to the State Action complaint that Mr. Loja is indebted to Main Street for the

amount of $4018.07 as of March 27, 2014, when no such indebtedness existed;

t) Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in its affidavit attached to the State Action complaint that Mr. Loja "utilized the Account to obtain cash products and/or goods and services" when he had not utilized the account or received any benefit from the account.

u) Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in its affidavit attached to the State Action complaint communicating that Mr. Loja opened a credit account with Washington Mutual Finance on October 17, 2007, when he had not opened the account;

v) Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in its affidavit attached to the State Action complaint that Mr. made a payment on the account of $214.59 on or about October 18, 2009, when he had not.

w) Main Street violated 15 U.S.C. § 1692e(2)(A) when, in the State Action complaint, it falsely represented the character, amount, or legal status of the debt;

x) Main Street violated 15 U.S.C. § 1692e(2)(A) when, in the State Action affidavit, it falsely represented the character, amount, or legal status of the debt;

y) Main Street violated 15 U.S.C. § 1692e(2)(B) when, in the State Action complaint, it falsely represented that the services rendered or compensation, specifically the costs of the State Action, may be lawfully received by it for the collection of the alleged debt;

z) Main Street violated § 1692 e(5) when it made false, deceptive, or misleading representations in the State Action complaint, by threatening to take legal action, by obtaining an judgment against Mr. Loja for the alleged debt, that could not legally be taken;

aa) Main Street violated § 1692 e(5) when it made false, deceptive, or misleading representations in the State Action complaint, thereby threatening to take legal action, by obtaining an judgment against Mr. Loja for the costs of the State Action, that could not legally be taken;

bb) Main Street violated § 1692 e(10) when it made false, deceptive, or misleading representations in the State Action that Mr. Loja was liable for the alleged debt;

cc) Main Street violated §1692e(10) by using false representations or deceptive means to collect a debt by filing the State Action in an attempt to collect the debt from Mr. Loja when it knew or should have known he did not owe the debt;

dd) Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it filed suit against Mr. Loja on a time-barred debt.

ee) Main Street violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect the debt when it filed its State Action against Mr. Loja when it knew or should have known he did not owe the debt at issue in the Action;

ff) Main Street violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect the debt when it filed its State Action against Mr. Loja after the applicable statute of limitations had expired;

gg) Main Street violated 15 U.S.C. § 1692f when it continued to litigate the State Action against Mr. Loja after it knew or should have known he did not owe the debt at issue in the State Action;

hh) Main Street violated 15 U.S.C. § 1692f(1) when it attempted to collect $4018.07 from Plaintiff, an amount not authorized by agreement or permitted by law;

ii) Main Street violated 15 U.S.C. § 1692f(1) when it attempted to collect the costs of bringing the State Action when such amount was not authorized by agreement or permitted by law.

65. As a result of Defendant's actions, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

<u>REQUEST FOR RELIEF—FDCPA—MAIN STREET</u>

WHEREFORE, Plaintiff requests that judgment be entered in his favor against Defendant Main Street Acquisitions Corp., for the following:

a. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

b. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

c. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d. Such other or further relief as this Court deems proper.

### COUNT II—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* – SHINDLER

66. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

67. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant Shindler violated the FDCPA, 15 U.S.C. § 1692 *et seq*. in one or more of the following ways:

a) Shindler violated 15 U.S.C. § 1692d when it attempted and continued to attempt to collect the alleged debt by litigating the State Action against Mr. Loja in an attempt to collect a debt after it knew or should have known that Mr. Loja did not owe the debt, the natural consequence of which is to harass, oppress, or abuse Mr. Loja;

b) Shindler violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it filed suit against Mr. Loja on a time-barred debt.

c) Shindler violated 15 U.S.C. § 1692e(2)(A) when it falsely represented the character, amount or legal status of a debt by filing the State Action against Mr. Loja when it knew or should have known that the applicable statute of limitations had expired;

d) Shindler violated 15 U.S.C. § 1692e(2)(A) when it falsely represented the character, amount or legal status of a debt by continuing to litigate the State Action against Mr. Loja when it knew he was not the debtor of the debt at issue in that Action;

e) Shindler violated 15 U.S.C. § 1692e(2)(B) when it made false, deceptive, or misleading representations in the State Action complaint that the services

rendered or compensation, specifically the costs of the State Action, may be lawfully received for the collection of the alleged debt;

f) Shindler violated 15 U.S.C. § 1692e(5) by threatening to take an action that cannot legally be taken, specifically by threatening that judgment could be entered against Plaintiff, when in fact judgment could not be entered because Plaintiff did not owe any debt to Main Street;

g) Shindler violated 15 U.S.C. § 1692f when it continued to litigate the State Action against Mr. Loja after it knew he was not the debtor of the debt that was the subject of the State Action, thereby using unfair or unconscionable means in an attempt to collect a debt;

h) Shindler violated 15 U.S.C. § 1692f when it used unfair or unconscionable means by continuing to litigate the State Action against Mr. Loja, in an attempt to collect the costs of bringing the Action, after it knew that he did not owe the debt and therefore there was no legal basis for the State Action;

i) Shindler violated 15 U.S.C. § 1692f(1) when it attempted to collect $4018.07 from Mr. Loja, by filing the State Action against him, an amount not expressly authorized by agreement or permitted by law;

j) Shindler violated 15 U.S.C. § 1692f(1) when it attempted to collect the costs of bringing the State Action, an amount not expressly authorized by agreement or permitted by law.

68. As a result of Defendant's actions, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

## REQUEST FOR RELIEF—FDCPA—SHINDLER

WHEREFORE, Plaintiff requests that judgment be entered in his favor against Defendant Shindler, for the following:

    a. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    b. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    c. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    d. Such other or further relief as this Court deems proper.

## COUNT III—ILLINOIS COLLECTION AGENCY ACT – MAIN STREET

69. Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

70. Main Street is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/2 et seq.

71. Main Street holds an Illinois Collection Agency License.

72. Main Street violated the following provisions of the 225 ILCS 425/9(a):

> …
> **(24) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.**
> …
> **(30) Misrepresenting the amount of the debt alleged to be owed.**
> …
> **(31) Representing that an existing debt may be increased by the addition of attorney's fees, investigation fees or any other fees or charges when such fees or charges may not legally be added to the existing debt.**
> …
> **(33) Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt unless such interest or other charge or fee is expressly authorized by the agreement creating the debt unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement.**
> …
> **(35) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.**
> …

73. A private right of action exists for violation of the ICAA against Defendant. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

74. Plaintiff suffered actual damages as a result of Main Street's actions, including loss of time and money by having to hire an attorney, and for having to file and

pay for attorney fees and costs in the State Action, including but not limited to the payment of an appearance fee in the State Action.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against Defendant MAIN STREET as follows:

    a. Compensatory damages;

    b. Punitive damages;

    c. Costs; and

    d. Such other or further relief as this Court deems proper.

Respectfully Submitted,

By: /s/ M. Kris Kasalo

## JURY DEMAND

Plaintiff demands trial by jury.

**The Law Office of M. Kris Kasalo, Ltd.**　　By: s/ Mario Kris Kasalo
20 North Clark Street, Suite 3100　　　　　　　　Mario Kris Kasalo
Chicago, Illinois 60602
tele 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: s/ Mario Kris Kasalo
Mario Kris Kasalo