UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO LOJA ) | |
| ) | |
| PLAINTIFF, ) | Case no.: 17c1251 |
| ) | |
| v. ) | |
| ) | Honorable Milton I. Shadur |
| MAIN STREET ACQUISITION CORP. ) | |
| and LAW OFFICE OF KEITH S. ) | |
| SHINDLER LTD. d/b/a ) | |
| SHINDLER & JOYCE ) | |
| ) | |
| DEFENDANTS. ) | |

## PLAINTIFF'S MOTION TO RECONSIDER

Plaintiff, Mario Loja, by his attorney Mario Kasalo of The Law Office of M. Kris Kasalo, Ltd., states as follows in support of his Motion to Reconsider the ruling entered by this Court on May 12, 2017. (Dkts. #17, #18), pursuant to Fed.R.Civ.P. 59(e) or in the alternative, pursuant to Fed.R.Civ.P.60(b).

## INTRODUCTION

Plaintiff seeks reconsideration of the Court's entry of judgment in favor of Defendants on all counts, specifically on the basis that the Court lacks federal jurisdiction to hear the claims. Plaintiff submits that the Court made errors of fact and law in the determination that federal jurisdiction is absent.

## STANDARD

A motion to reconsider will be granted in the case of a manifest error of law or fact. *Abcarian v. McDonald*, 617 F.3d 931, 943 (7th Cir. 2010).

## **PROCEDURAL POSTURE**

Plaintiff filed the complaint in this case on February 16, 2017, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. due to Defendants' attempts to collect a debt from Plaintiff that he did not owe. (Dkt.#1, Complaint). Defendant Law office of Keith S. Shindler, Ltd. ("Shindler") was served with process on March 1, 2017 (Dkt.#4) and Defendant Main Street Acquisition Corp. was served with process on February 28, 2017 (Dkt. #3). On March 20, 2017, attorney Keith S. Shindler entered an appearance on behalf of Defendants. (Dkt. #6). Defendants also filed, on March 20, 2017, a motion to extend time to file a "responsive pleading". (Dkt.#7). The Court granted Defendants' motion, which was unopposed by Plaintiff. (Dkt. #9).

On April 5, 2017, Defendants filed a second motion for enlargement of time to file "responsive pleading" (Dkt. #10). The Court granted Defendants an extension of time to April 17, 2017. (Dkt.#12). On April 17, 2017, instead of filing a "responsive pleading" as indicated by Defendants, Defendants filed a motion to dismiss the complaint under the provisions of Fed.R.Civ.P. 12b(6).

The hearing for presentment of Defendants' motion was held on April 21, 2017. During the hearing, the Court informed the parties that Plaintiff did not have to file a response to the Motion, stating "I don't -- I don't see this one as a -- as a motion to dismiss….". (Exhibit A, Transcript of April 21, 2017 hearing, p. 7, l. 15-16). The Court further stated to Defendants' counsel as follows:

> **You better -- you better take a hard look at the --at your motion. And I am not going to require a response to the motion because I think the clue to it comes in terms of the fact that this is -- and once litigated and once lost on the question of whether this is -- will the real Loja, or whoever it was, stand up. So I am going to give you an opportunity to contemplate your client's and your office's navel and set it over and give you a chance to think about that and respond.**

(Exhibit A, Transcript of April 21, 2017 hearing, p. 7, l. 19-24).

As the result of the Court's directive to Plaintiff's counsel to not file a response to Defendants' Motion, he did not file a response addressing the Defendants' arguments.

On May 12, 2017, a second hearing was held in this case, where the Defendants' counsel appeared and seemed ready to address the Court's previous admonishment that maintaining Defendants' Motion was improper. (Exhibit B, Transcript of May 12, 2017, p. 2, l. 9-11). At the hearing, the Court shifted its position and proceeded to grant Defendants' Motion on what Plaintiff's counsel understands to be two separate bases. First, the Court found that Plaintiff was not a consumer under the FDCPA. (Exhibit B, Transcript of May 12, 2017, p. 6, l. 22-23) ("And the allegation -- treating the allegations as true, the – Loja is not a statutory consumer.").

Second, the Court found that, because Plaintiff Mr. Loja did not owe the alleged debt that Defendants attempted to collect from him, there was not a "debt" in existence that could support the advancement of an FDCPA claim. The Court stated as follows:

> **So what that means is that by definition, if you look at Section 1692f, it is just simply not called into play because there is no debt as defined in that section that was involved. Now that being the case, the absence of a statutorily-defined debt relatedly knocks out the invocation of the other subparts of Section 1692.**

(Exhibit B, Transcript of May 12, 2017, p. 4, l. 13-18)

Based on these findings, the Court dismissed Plaintiff's complaint in its entirety, and entered an Order on May 12, 2017 dismissing the case on the following basis:

> **This action is dismissed for lack of federal jurisdiction, without prejudice to plaintiff's possible right to assert his claims under state common law or state statutory law in a state court of competent jurisdiction.**

(Dkt. #18).

## ARGUMENT

Plaintiff submits that the Court misapplied controlling law and misconstrued the facts in dismissing Plaintiff's lawsuit. Moreover, Plaintiff has been severely prejudiced by the Court's directive that Plaintiff should not file a response to Defendants' Motion on the basis that the Motion is improper, only to shift its position at the next hearing and dismiss Plaintiff's complaint without giving Plaintiff the benefit of filing a written response to Defendants' Motion to address the arguments made therein. Defendants filed two separate motions to extend time and were given the benefit of having each granted so that they could file a 15-page motion in support of their arguments for dismissal, while Plaintiff was advised to not file a responsive brief because Defendants' Motion was improperly brought, only to have the Court later rule in Defendants' favor thereafter—without having considered Plaintiff's position on the matter as Plaintiff was advised to not submit the same.

## I. MANDATORY 7TH CIRCUIT PRECEDENT PROVIDES THAT NEITHER A DEBT NOR AN OBLIGATED CONSUMER ARE REQUIRED FOR AN FDCPA CLAIM TO EXIST

The issues are simple. Specifically, as referenced above, the Court has found that Mr. Loja is not a statutory consumer because he does not owe the debt at issue. Plaintiff submits that neither a debt nor an obligated consumer are required for this Court to have jurisdiction over Plaintiff's claims under the FDCPA. Rather, it is enough that a debt is "alleged" to be owed from an individual, and it is enough that that individual be "alleged" to be obligated for said debt. He does not have to owe the debt to have a claim.

The 7th Circuit case of *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 538 (7th Cir. 2003) is instructive on the point. In Schlosser, the Court recognized what Plaintiff here is asserting—that neither a debt nor an obligated consumer need be present for an FDCPA claim to lie—stating as follows:

> **…the relevant status is that of the debt or asserted debt that is the subject of the collection activity, particularly when read along with the statute's definition of "debt" as an "obligation or alleged obligation,"** *see id.* **§ 1692a(5), which (along with other definitions in the Act,** *see, e.g., id.* **§ 1692a(3) (defining "consumer" as one "obligated or allegedly obligated to pay any debt")) extends the reach of the statute to collection activities without regard to whether the debt sought to be collected is actually owed. See Schroyer v. Frankel**, 197 F.3d 1170, 1178 (6th Cir. 1999) ("The FDCPA holds 'debt collectors liable for various abusive, deceptive, and unfair debt collection practices regardless of whether the debt is valid.' ") (quoting *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992)); *see also Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982).**

*Schlosser,* 323 F.3d at 538

Thus, one needs to merely be "allegedly obligated" to be a consumer, an obligation need only be "alleged" on a debt for the FDCPA to apply, and the FDCPA applies "regardless of whether the debt is valid." *Id.* This makes sense as "one of the purposes of the FDCPA was to eliminate the recurring problem of debt collectors dunning the wrong person." S. Rep. No. 95-382 at 4 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699. *Owens v. Howe*, No. 1:04-CV-152, 2004 U.S. Dist. LEXIS 22728, at *27 (N.D. Ind. Nov. 8, 2004).

Here, Plaintiff has asserted that he was alleged to be obligated, since it is undisputed that Defendants attempted to collect a debt from him via telephone communication and via a state collection action (that went to trial) even though he disputed that he owed the debt. (Complaint, Dkt. #1, ¶¶ 4, 9-55; Complaint Exhibit A, Dkt. #1-1, State Collection Compliant, Plaintiff's Affidavit in Support of Claim, ¶8, stating "Plaintiff has made a demand for the balance due and owing on the Account, but the Defendant has failed or refused to pay".)

Plaintiff has also alleged facts to support that Defendants attempted to collect an *alleged* debt from him, since the state court action was served on Plaintiff and a trial was held against Plaintiff, who appeared in the action, on the obligation that Defendants attempted to collect. (Complaint, Dkt. #1, ¶4, 9-16). Further, because the debt at issue was incurred, according to Defendants, on a personal credit (non-business) card, and Main Street is a well-known debt buyer of defaulted consumer receivables, it is plausible that the debt at issue (if it even exists as a debt *owed by anyone*) is a consumer debt, and Plaintiff has complied with *Iqbal/Twombly* in this regard. "A plaintiff must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon

6

which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). In other words, a plaintiff must plead facts that plausibly give rise to a right to relief—but he need not, at this stage, *prove* those facts. *Consumer Fin. Prot. Bureau v. ITT Educ. Servs.*, No. 1:14-cv-00292-SEB-TAB, 2015 U.S. Dist. LEXIS 28254, at *101-02 (S.D. Ind. Mar. 6, 2015). Notably, the Court recognized that the issue of whether the debt is a consumer debt will be borne out in discovery, and the point should not be the subject of a motion to dismiss (Exhibit A, Transcript of April 21, 2017 hearing, p. 7, l. 15-16), stating as follows:

> **THE COURT: And so -- but all the same if – when discovery takes place, if it takes place, that is going to tell us whether the actual indebtedness that underlies the obligation was -- that qualifies as a "debt," which is a defined statutory term.**

(Exhibit A, Transcript of April 21, 2017 hearing, p. 4, l. 6-10).

*Owens*, cited above, is also instructive on why this Court made an error of law in finding that dismissal is appropriate "because there was no debt" (Exhibit B, Transcript of May 12, 2017, p. 4, l. 13-18) and because it found that Loja is not a statutory consumer. (Exhibit B, Transcript of May 12, 2017, p. 6, l. 22-23) ("And the allegation -- treating the allegations as true, the – Loja is not a statutory consumer."). There, as here, the court dealt with a debt collector attempting to collect a debt that was not owed by the consumer therein. *Owens*, 2004 U.S. Dist. LEXIS 22728, at *36. The Court focused its analysis not on what the debt collector Howe knew, but whether his August 26 letter, and later the state-court complaint, both targeting the wrong person, would deceive or mislead

7

an unsophisticated, but reasonable, consumer. *Turner v. J. V.D.B. Assocs.*, 330 F.3d 991, 995 (7th Cir. 2003)(citing *Gammon v. GC Servs. Ltd. P'Ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).

The court found that Howe's objectively false statements lead directly to the only possible inference, that a reasonable, unsophisticated consumer would undoubtedly be misled by both the August 26 collection letter and the complaint, in that case. The court granted summary judgment to the Plaintiff, even though he did not owe the alleged debt, finding Howe strictly liable as a matter of law under 15 U.S.C. § 1692e(2)(A). *Owens*, 2004 U.S. Dist. LEXIS 22728, at *36.

The court also found that suing the wrong Lamont D. Owens Violated 15 U.S.C. § 1692e(2)(A). The court noted that the analysis employed earlier concerning Howe's August 26 letter carried forward to the situation, where the debt collector sues the wrong person. See *Beattie*, 754 F. Supp. at 392.; *Blum v. Lawent*, 2004 U.S. Dist. LEXIS 21846, No. 02-C-5596, 2004 U.S. Dist. WL 2191612 at *1 (N.D.Ill. Sept. 27, 2004)(citing *Randolph*, 368 F.3d at 730 ("Debt collectors may not make false claims, period.")). The case law on this issue focuses on the debt collector's actions, and whether an unsophisticated consumer would be misled or deceived by them. In that regard, the *Owens* court found, the only possible inference that arises is that a reasonable, unsophisticated consumer would be misled by a complaint filed against him. *Turner*, 330 F.3d at 995. The Court found Howe strictly liable as a matter of law and summary judgment was granted to Owens under 15 U.S.C. § 1692e(2)(A).

Applying the above mandatory and persuasive precedent, Plaintiff submits that the Court wrongly dismissed Plaintiff's complaint, and requests that the Court vacate its previous dismissal.

## CONCLUSION

Based on the foregoing argument and authorities, Plaintiff requests that the Court grant the instant Motion to Reconsider.

**The Law Office of M. Kris Kasalo, Ltd.**  By:  s/ Mario Kris Kasalo
20 North Clark Street, Suite 3100                    Mario Kris Kasalo
Chicago, Illinois 60602
tele 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered CM/ECF users.

By:  s/ Mario Kris Kasalo
Mario Kris Kasalo

9