# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **MARIO LOJA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17 C 1251 |
| | ) | |
| **MAIN STREET ACQUISITION CORP.**, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

Mario Loja ("Loja") has filed a motion for reconsideration of this Court's May 12, 2017 entry of judgment in favor of defendants on all counts (Dkt. Nos. 17 and 18). That motion is essentially based on an approach that is appropriate for a summary judgment determination of the existence or nonexistence of a genuine issue of material fact, in which the facts are viewed most favorably to the nonmovant, with reasonable favorable inferences from those facts.

But by sharp contrast, unambiguous congressional enactments must be read literally, without modifying their terms by inferential judgments as to what Congress might have done and said if it had considered the problem now before the court. This Court has always sought to adhere faithfully to that principle, under which neither the judiciary nor any other agency of government can engage in rewriting unambiguous congressional language. That is analogous to the principle that the subject matter jurisdiction of federal courts, which except for the Supreme Court is solely the product of congressional enactment, extends only to the boundaries Congress has prescribed.

In this instance this Court's decision, once again challenged by Loja, was based on the statutory definitions contained in the legislation at issue. And by sheer chance a unanimous Supreme Court has just last week announced and applied the identical principle in <u>Henson v. Santander Consumer USA Inc.</u>, No. 16-349, 2017 WL 2507342 (S. Ct. June 12, 2017), which adheres to the literal language and meaning of definitions enacted by Congress in the statute there at issue even though some Courts of Appeals (including our own) had done otherwise.

Accordingly it is unnecessary for defense counsel to respond to Loja's motion for reconsideration. It is denied.

*/s/ Milton I. Shadur*
_____
Milton I. Shadur
Senior United States District Judge

Date: June 20, 2017