In the
# United States Court of Appeals
For the Seventh Circuit



No. 17-2477

MARIO LOJA,
           *Plaintiff-Appellant*,

v.

MAIN STREET ACQUISITION CORPORATION, *et al.*,
           *Defendants-Appellees*.

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 17-CV-01251 — **Milton I. Shadur**, *Judge*.

_____

ARGUED SEPTEMBER 7, 2018 — DECIDED OCTOBER 18, 2018

_____

Before WOOD, *Chief Judge*, and ROVNER and BRENNAN, *Circuit Judges*.

BRENNAN, *Circuit Judge*. Mario Loja sued Main Street Acquisition Corporation and law firm Shindler & Joyce (collectively, "Main Street") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Illinois Collection Agency Act, 225 ILL. COMP. STAT. 425/1 *et seq.* The district court dismissed the action, ruling that Loja was not a qualifying "consumer" under the language of the

Case: 1:17-cv-01251 Document #: 33 Filed: 11/09/18 Page 2 of 8 PageID #:173
Case: 17-2477    Document: 00713317642    Filed: 11/09/2018    Pages: 8

2 No. 17-2477

FDCPA. Loja appeals, contending he is a qualifying consumer and that his attorney properly preserved his right to amend the complaint. We agree that based on the text of the FDCPA and circuit precedent Loja is a qualifying consumer for purposes of the FDCPA. We reverse and remand for further proceedings and conclude Loja should be given leave to amend his complaint should he desire to do so.

## I. Background

This case comes to us from a dismissal on the pleadings pursuant to FED. R. CIV. P. 12(b)(6), so we recount the facts as alleged in the complaint and the documents described in it, giving Loja the benefit of all reasonable inferences in his favor. *Sloan v. Am. Brain Tumor Ass'n*, 901 F.3d 891, 893 (7th Cir. 2018).

In 2007, someone opened a Visa credit card with Washington Mutual Finance under the name "Mario Loja." After the card fell into default, the bank charged off the $4,018.07 debt and sold it to defendant-appellee Main Street Acquisition Corporation, a Nevada corporation registered as a collection agency in Illinois. Main Street then retained defendant-appellee Shindler & Joyce, a law firm, to file a collection action in DuPage County, Illinois small claims court in 2016.

Enter plaintiff-appellant Mario Loja. From the current state of the pleadings, Loja's relationship to the debt at issue is unclear. Regardless, Loja maintains he never opened an account with Washington Mutual and never accrued any credit card debt there. Believing that Loja owed the debt, Main Street named him in the small claims action and served him with the complaint. Loja appeared in court to insist the

No. 17-2477 3

debt was not his, and that in any event the collection action was time-barred under Illinois law. After a bench trial, the small claims court dismissed the collection case with prejudice in favor of Loja.[1]

Loja then filed this action seeking damages under the FDCPA and the Illinois Collection Agency Act. Main Street moved to dismiss, contending that Loja had failed to allege a qualifying debt, and therefore he could not sue under the FDCPA. Main Street argued that Loja failed to sufficiently allege that the credit card debt was "for personal, family, or household purchases," as required under § 1692a(5). Loja responded that he had alleged the debt was on a personal credit card, which was sufficient to meet this standard. Loja added that it would be impossible for him to allege additional details because he did not generate the underlying transactions.

At the initial hearing on the motion to dismiss, the district court indicated it was likely to deny the motion on the basis of § 1692a(5). At the second hearing, however, the district court did not discuss the § 1692a(5) argument, and instead granted the motion to dismiss on the alternate ground that Loja did not meet the definition of a "consumer" under § 1692a(3) of the FDCPA. Raising the issue *sua sponte*, the district court interpreted the phrase "obligated or allegedly obligated to pay any debt" to require that a plaintiff allege he actually *owed* a debt. Because Loja claimed he did not owe any

---

[1] The DuPage County small claims court final judgment does not list the grounds on which Loja defeated the collection action, whether the statute of limitations precluded the claim, whether Loja did not owe the debt, or otherwise.

4                                                              No. 17-2477

debt, the district court concluded Loja did not meet the statutory standing requirements. Loja raised the possibility of amending the complaint to rectify the infirmity, but the court informed him that so long as Loja alleged he did not owe the debt, any amendment would be futile. This appeal followed.

## II. Interpretation of 15 U.S.C. § 1692a(3)

We review appeals from a motion to dismiss de novo. *Johnson v. Winstead*, 900 F.3d 428, 434 (7th Cir. 2018). Loja argues that the text of the FDCPA includes mistakenly dunned individuals as qualifying consumers, so the dismissal of his case should be reversed.

When interpreting a statute, we begin with the text. *Hughey v. United States*, 495 U.S. 411, 415 (1990); *Jackson v. Blitt & Gaines, P.C.*, 833 F.3d 860, 863 (7th Cir. 2016). A word or phrase in a statute should not be interpreted in a vacuum; rather, "the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Sturgeon v. Frost*, 136 S.Ct. 1061, 1070 (2016) (citing *Roberts v. Sea-Land Services, Inc.*, 566 U.S. 93, 101 (2012)); *Wells Fargo Bank, Nat. Ass'n v. Lake of the Torches Econ. Dev. Corp.*, 658 F.3d 684, 694 (7th Cir. 2011).

The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). The disjunctive "or" creates two categories of persons that qualify as consumers under the FDCPA. ANTONIN SCALIA & BRYAN A. GARNER, READING LAW 116 (2012) ("Under the conjunctive/disjunctive canon, *and* combines items while *or* creates alternatives.") (emphases in original). A person who is "allegedly obligated to pay" is therefore covered by the statute, just as is a person who is "obligated" to pay, to

Case: 1:17-cv-01251 Document #: 33 Filed: 11/09/18 Page 5 of 8 PageID #:176
Case: 17-2477 Document: 00713317642 Filed: 11/09/2018 Pages: 8

No. 17-2477 5

avoid rendering the phrase "or allegedly obligated" superfluous. *See, e.g.*, *Corley v. United States*, 556 U.S. 303, 314 (2009) (describing the canon against superfluity as "one of the most basic interpretive canons"); *Rubin v. Islamic Rep. of Iran*, 830 F.3d 470, 484 (7th Cir. 2016) (similar).

Significantly, the text of 15 U.S.C. § 1692a(3) does not limit "alleged" to obligations alleged by the *consumer*. The word applies generally and consequently includes obligations alleged by a *debt collector* as well. We therefore hold that the definition of "consumer" under the FDCPA includes consumers who have been alleged by debt collectors to owe debts that the consumers themselves contend they do not owe. This interpretation conforms to the structure and text of the rest of the FDCPA, which focuses primarily on the conduct of debt collectors, not consumers. *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998) (noting that the language of the FDCPA "focuses primarily, if not exclusively on the conduct of debt collectors, not debtors").

This reading of the FDCPA comports with precedent from our own circuit and the Eighth Circuit. In *Keele*, we held that when evaluating claims under the FDCPA, "[w]e must focus on the debt collector's misconduct, not whether the debt is valid …" *Id.* at 594. In *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534 (7th Cir. 2003), when interpreting near-identical language in the definition of "debt" under 15 U.S.C. § 1692a(5), we observed that the phrase "obligation or alleged obligation" serves to "extend[] the reach of the [FDCPA] to collection activities without regard to whether the debt sought to be collected is actually owed." *Id.* at 538. The Eighth Circuit reached the same conclusion when interpreting § 1692a(3) as we do here. *See Dunham v. Portfolio Recovery Associates, LLC*,

6 No. 17-2477

663 F.3d 997, 1002 (8th Cir. 2011) ("Simply put, a mistaken allegation is an allegation nonetheless. Thus, we read § 1692a(3) to include individuals who are mistakenly dunned by debt collectors.").

Alleging that Loja owed the debt, Main Street tried the case to the bench in small claims court, but failed to prove its claim. This allegation by Main Street sufficiently qualifies Loja as a consumer under the FDCPA.

### III. Leave to Amend

We turn to Loja's ability to amend his initial complaint. Main Street contends that Loja, by failing to raise the issue in his initial brief, has waived it. But in a reply brief, an appellant generally may respond to arguments raised for the first time in the appellee's brief. *See, e.g., United States v. Feinberg*, 89 F.3d 333, 340–41 (7th Cir. 1996) ("[T]he scope of the reply brief must be limited to addressing the arguments raised by the appellee."); *United States v. Powers*, 885 F.3d 728, 732 (D.C. Cir. 2018) ("But an appellant generally may, in a reply brief, 'respond to arguments raised for the first time in the appellee's brief.'") (quoting CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3974.3 (4th ed. 2017)). Main Street raised the issue of amendment in its response brief and Loja replied. Accordingly, the issue is not waived.

Main Street asserts that at the second hearing before the district court, Loja did not argue for leave to amend. Loja's counsel did raise the issue of amendment twice at the second hearing, but was informed by the court that amendment was

No. 17-2477 7

futile given the court's interpretation of the FDCPA.[2] District courts may deny leave to amend when such amendment would be futile. *See, e.g.*, *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad discretion to deny leave to amend where … the amendment would be futile.'") (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). But absent such a circumstance, the liberal amendment standard of FED. R. CIV. P. 15(a)(2) establishes a "presumption in favor of giving plaintiffs at least one opportunity to amend … ." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 518 (7th Cir. 2015) (citing *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024 (7th Cir. 2013)).

Loja's counsel did not neglect the issue at the hearing stage. Rather, recognizing the court had ruled against his client, he preserved for the record that he would have sought leave to amend had the court not pronounced it futile. Because our interpretation of the FDCPA negates this futility, we see no difficulty in granting Loja leave to amend the complaint, should he request it.

In the briefs and at oral argument the parties' counsel discussed the sufficiency of the pleadings with regard to the definition of consumer debt under § 1692a(5) of the FDCPA.

---

[2] At the May 21, 2017 hearing, Loja's counsel asked, "But just to clarify for the record, your Honor, it seems to me based on your ruling that we could not amend to cure the defects that you just mentioned, correct?" "Yes." Hr'g on Mot. to Dismiss 12–13, ECF No. 19. Loja's counsel later clarified his question by asking, "So leave to amend, is it granted or denied, your Honor?" The district court did not reply directly. Hr'g on Mot. to Dismiss 15, ECF No. 19.

Given our rulings, and the possibility that Loja will amend his complaint, at this time we decline to rule on the sufficiency of the pleadings. We do note that the district court will be guided by the standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and any review of the pleadings may be informed by the approaches other circuits have taken on this issue. *See, e.g.*, *Bridge v. Ocwen Federal Bank, FSB*, 681 F.3d 355 (6th Cir. 2012); *Dunham*, 663 F.3d 997; *Garcia v. Jenkins Babb, L.L.P.*, 569 Fed.Appx. 274 (5th Cir. 2014) (per curiam); *Boosahda v. Providence Dane LLC*, 462 Fed.Appx. 331 (4th Cir. 2012) (per curiam).

For these reasons, we REVERSE the motion to dismiss and REMAND for further proceedings consistent with this opinion.