UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO LOJA, | ) |
| | ) |
| PLAINTIFF, | ) Honorable William T. Hart |
| | ) |
| v. | ) Case No 17cv01251 |
| | ) |
| MAIN STREET ACQUISITION CORP. | ) |
| and LAW OFFICE OF KEITH S. | ) |
| SHINDLER LTD. d/b/a | ) |
| SHINDLER & JOYCE, | ) |
| | ) |
| DEFENDANTS. | ) |

**FIRST AMENDED COMPLAINT**

Plaintiff, Mario Loja, brings this action to secure redress for relief against Defendants Main Street Acquisition Corp. and Law Office of Keith S. Shindler Ltd., doing business as Shindler & Joyce. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., and for his First Amended Complaint, states as follows:

**VENUE AND JURISDICTION**

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplementary jurisdiction, if any, under 28 U.S.C. § 1367.

2. Venue in this District is proper as to Defendant Main Street Acquisition Corp. because Defendant transacts business here and the debt collection activity upon which this Complaint is based was performed here.

3. Venue in this District is proper as to Defendant Law Office of Keith S. Shindler Ltd., doing business as Shindler & Joyce, because Defendant transacts substantial business here, maintains an office here, and the debt collection activity upon which this Complaint is based was performed here.

1

## PARTIES

4. Plaintiff, Mario Loja, ("Mr. Loja") is a natural person and resident of DuPage County, Illinois, from whom Main Street Acquisition Corp. and Shindler & Joyce (collectively "Defendants") attempted to collect a delinquent debt allegedly owed for a defaulted Washington Mutual Finance Visa credit account.

5. Mr. Loja is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the Fair Debt Collection Practices Act ("FDCPA"). See *Loja v. Main St. Acquisition Corp.*, 906 F.3d 680, 682 (7th Cir. 2018).

6. Defendant, Main Street Acquisition Corp. ("Main Street") is a Nevada corporation that acts as a debt collector, as defined by § 1692a(6) of the FDCPA because it has, as its principal purpose, the collection of defaulted consumer debts via use of interstate commerce, the mail and/or the telephone.

7. Main Street is licensed as a collection agency in the State of Illinois and is registered as a collection agency with the Illinois Department of Financial and Professional Regulation (IDFPR).

8. Main Street's principal business is the collection of defaulted consumer debts that it purchases from financial entities such as banks, which it attempts to collect through third parties, such as Law Office of Keith S. Shindler Ltd., doing business as Shindler & Joyce ("Shindler").

9. Main Street purchases debts, such as the alleged debt it attempted to collect from Mr. Loja, in pools of debts that have been designated as comprising "consumer credit card Accounts" by the seller. (See, *i.e.*, Exhibit C, Excerpt of Debt Purchase Agreement between Main Street and Wells Fargo, defining the accounts sold as "consumer credit card accounts").

10. Shindler, on behalf of Main Street, mailed Plaintiff a letter containing a Notice of Debt as required by section 1692g of the FDCPA, wherein it indicated that Shindler was a debt collector, and that it was attempting to collect a debt.

11. Defendant, Law Office of Keith S. Shindler Ltd., doing business as Shindler & Joyce ("Shindler"), is an Illinois law firm that acts as a debt collector as defined by § 1692a(6) of the FDCPA because it regularly uses the mail, courts and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts on behalf of others. Shindler does or transacts business in Illinois, and Shindler's principal offices and registered agent is located at 1990 E Algonquin Rd, Wheeling, IL 60173.

12. Shindler maintains a web site, www.shindlerlaw.com, wherein it states in part as follows: PLEASE BE ADVISED THAT SHINDLER & JOYCE IS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

13. In 2016 and 2017, Defendant Shindler filed over 1000 debt collection lawsuits against individuals in Cook County, Illinois, to collect defaulted consumer debts.

## FACTS

14. Defendants attempted to collect a debt from Mr. Loja for a an individual credit account they alleged to be owed by him, which was an account that he did not open, and was an alleged debt that he did not incur.

15. According to Main Street, Mr. Loja incurred a debt for the purchase of goods or services on a credit card issued to him personally, originally for a Washington Mutual Finance Visa credit card associated with an account ending in 3010 and issued by "Chase/Washington Mutual" ("alleged debt"). (Exhibit A, Summons and Complaint, Plaintiff's Affidavit, ¶3).

16. Specifically, Main Street asserts in a collection action filed against Mr. Loja that "Defendant utilized the Account to obtain cash products and/or goods and services…". (Exhibit A, Summons and Complaint, Plaintiff's Affidavit, ¶4).

17. At all times relevant hereto, Mr. Loja did not own a business and does not run a business, and any credit extended on his information would be for non-business purposes.

18. The alleged debt is thus a debt as that term is defined by § 1692a(5) of the FDCPA.

19. According to Main Street, Mr. Loja failed to pay the balance on the alleged debt.

20. The last payment on the alleged debt was alleged to be on or around October 18, 2009. (See Exhibit A, Summons and Complaint, Plaintiff's Affidavit, ¶10).

21. The alleged debt was thus in default on or around October 18, 2009.

22. The account was charged off on or about June 30, 2010. (See Exhibit A, Summons and Complaint, Plaintiff's Affidavit, ¶6).

23. At some point thereafter, according to Main Street, it purchased the alleged debt. (See Exhibit A, Summons and Complaint).

24. Main Street thereafter hired Shindler to collect the alleged debt.

25. Shindler was authorized to attempt to collect the alleged debt on behalf of Main Street.

26. At all times relevant to this Complaint, Main Street authorized, directed and ratified Shindler's actions taken in connection with the collection of the alleged debt from Mr. Loja.

27. Shindler's primary business is the collection of defaulted individual, non-business credit accounts on behalf of others.

28. Shindler's employees or representatives were acting at the control and direction of Main Street, which is liable for the actions of Shindler's employees and/or representatives.

29. On February 17, 2016, Main Street, through its attorneys Shindler, filed a lawsuit against Mr. Loja in an attempt to collect the alleged debt. Main Street's complaint was styled as *Main Street Acquisition Corp. v. Mario Loja*, case # 2016 SC 000730 in the Circuit Court of the 18th Judicial Circuit, DuPage County, Illinois ("State Action"), alleging that Mr. Loja owes $4,018.07 plus court costs to Main Street. (Exhibit A, Summons and Complaint).

30. The credit card account that is the subject of Main Street's State Action against Mr. Loja is not Mr. Loja's account, and Mr. Loja is, as of the filing of this complaint, without knowledge as to whether the alleged debt was incurred as a result of identity theft, whether Defendants attempted to collect the alleged debt from Mr. Loja due to alleged mistaken identity, and/or whether Defendants attempted to collect a debt that was fabricated, and thus not owed by anyone.

31. In fact, Mr. Loja has never opened or maintained a Washington Mutual personal credit card account.

32. On or around March 17, 2016, Mr. Loja was served with process in the State Action.

33. Defendant Main Street identified Mr. Loja as the person it intended to bring the action against by identifying him by name and listing his home address in the summons of the State Action. (Exhibit A, Summons and Complaint).

34. Though Mr. Loja did not owe the alleged debt, the date of the last payment and default was nonetheless more than five years prior to the filing of the State Action.

35. In Illinois, a plaintiff has five years to sue for violation of an unwritten contract. 735 ILCS 5/13-205, *Ramirez v. Palisades Collection LLC*, Civil Action No. 07 C 3840, 2007 U.S. Dist. LEXIS 95972, at *1 (N.D. Ill. Dec. 5, 2007).

36. The purported debt, the collection of which was based upon an unwritten contract, was thus barred by the five-year Illinois statute of limitations for contracts not wholly in writing, as the State Action was filed on February 17, 2016—more than 5 years after the date of last payment on or around October 18, 2009, and more than 5 years after default.

37. The filing of the State Action lawsuit on February 17, 2016 was barred by Illinois law even if it were owed by Mr. Loja, as it was filed more than five years after the date of last payment.

38. Despite not owing the alleged debt, Plaintiff was forced to defend against the State Action lawsuit, file and pay for an appearance in the State Action, and retain and pay counsel to defend the State Action, incurring financial damages thereby.

39. Plaintiff also suffered emotional distress due to Defendants' actions.

40. Defendants file lawsuits, as in this case, which they know or should know are time-barred, hoping that the debtors will default. In a majority of instances, they do default.

41. Main Street is liable for the actions of Shindler, committed in connection with the collection of the alleged debt from Plaintiff. *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 U.S. App. LEXIS 6361, at *20 (7th Cir. Apr. 7, 2016) ("Asset Acceptance is itself a debt collector, so under the logic of Pollice and Fox, it may be held liable for Fulton's violations of the Act in the course of activities undertaken on its behalf.").

42. In its State Action against Mr. Loja, Main Street and Shindler made the following misrepresentations in the complaint, which were communicated to Plaintiff when he was served with a copy of the same:

- That "… MARIO LOJA, entered into a credit card agreement or line of credit agreement whereby Defendant(s) received a credit card or line of credit and could charge goods and services to their account and/or receive cash advances."

- That Mr. Loja "…subsequently defaulted by failing to pay for the indebtedness incurred resulting in the balance due in the amount of $4,018.07.";

- Credit was opened by Mr. Loja with an unidentified creditor which was the subject of the State Action;

- That "Due demand has been made on the Defendant(s) [Mr. Loja] to pay the amount(s) due and owing and the Defendant(s) has failed to do so.";

- An agreement was created between Mr. Loja and an unidentified creditor;

- Mr. Loja breached the agreement;

- Mr. Loja originally owed $4,018.07 to an unidentified creditor; and

- Mr. Loja owed $4,018.07 plus the costs of the State Action to Main Street.

(Exhibit A, Summons and Complaint).

43. In its State Action against Mr. Loja, Main Street made the following misrepresentations in its sworn affidavit, which were communicated to Mr. Loja:

- That Mr. Loja "requested and was issued or reissued a Washington Mutual Finance Visa credit card."

- That the amount of $4018.07 was due and payable from Mr. Loja to Washington Mutual Finance as of March 7, 2011;

- Mr. Loja maintained an account with Washington Mutual Finance ending in 3010;

- Main Street made a demand for payment of the balance due and owing on the alleged account but Mr. Loja failed or refused to pay.

- Mr. Loja owes Main Street the sum of $4018.07 as of March 27, 2014, the date of the affidavit.

7

- Mr. Loja made a payment on the account of $214.59 on or about October 18, 2009.

- The Account is not past the statute of limitations.

    (Exhibit A, Summons and Complaint, Plaintiff's Affidavit).

44.  Section 1692e of the FDCPA provides as follows:

**§ 1692e. False or misleading misrepresentations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
**…**
**(2) The false representation of—**
**(A) the character, amount, or legal status of any debt; or**
**(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**
**…**
**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**
**…**
**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

45.  Main Street violated §§ 1692e, e(2)(A), e(2)(B), e(5), and e(10) of the FDCPA when it made false, deceptive, or misleading representations in the connection with the collection of a debt.

46.  Specifically, Main Street violated § 1692e of the FDCPA when it made false, deceptive, or misleading representations in the State Action complaint and Affidavit, identified above.

47.  Main Street violated § 1692e(2)(A) of the FDCPA when it made false, deceptive, or misleading representations as to Plaintiff's liability on the alleged debt in the State Action complaint, thereby falsely representing the character, amount, or legal status of the debt as Mr.

8

Loja did not owe the debt, it was a stale debt too old to sue upon in any event, and Main Street could not legally collect the debt or costs of the State Action from Mr. Loja.

48. Main Street further violated § 1692e(2)(A) of the FDCPA when it made false, deceptive, or misleading representations in the State Action complaint, thereby falsely representing the character, amount, or legal status of the debt when it filed the State Action against Mr. Loja after the applicable statute of limitations on the alleged debt had expired and Main Street could not legally file suit to collect the debt or costs of the State Action from Mr. Loja, even though Defendants falsely assert that the Action was "not past the statute of limitations".

49. Main Street violated § 1692e(2)(B) of the FDCPA when it made false, deceptive, or misleading representations in the State Action complaint that the services rendered or compensation, specifically the costs of the State Action, may be lawfully received by it for the collection of the alleged debt.

50. Main Street violated § 1692e and 1692e(5) when it threatened, in its State Action complaint, to obtain judgment against Mr. Loja for the alleged debt, that could not legally be sought or obtained.

51. Main Street violated § 1692e(5) when it threatened to take legal action by obtaining a judgment against Mr. Loja for the costs of the State Action, that could not legally be sought or obtained.

52. Main Street violated § 1692e(10) when it made false, deceptive, or misleading representations in the State Action that Mr. Loja was liable for the alleged debt, and that the State Action complaint was timely.

53. Main Street violated §1692e(10) by using false representations or deceptive means to collect a debt by misrepresenting that Mr. Loja owed the balance stated in its State Action complaint in an attempt to collect the debt from Mr. Loja, when it knew or should have known he did not owe the debt.

54. Section 1692d of the FDCPA provides in part as follows:

**15 USC § 1692d. Harassment or abuse**

**A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt…**

55. Main Street violated §1692d by filing and maintaining a lawsuit against Mr. Loja to collect money that it knew was not owed by Plaintiff, which abused, oppressed and harassed Mr. Loja, as Defendants refused to dismiss the State Action lawsuit against him, requiring Mr. Loja to repeatedly have to travel to the courthouse to defend against the wrongfully-brought lawsuit.

56. On March 23, 2016, Mr. Loja appeared at a hearing in the State Action and stated in open court that he did not owe the debt. Mr. Loja thus disputed owing the alleged debt. Main Street's counsel, defendant Shindler, was present at the hearing, and was put on notice of this fact.

57. Upon information and belief, Shindler notified its client, Main Street, that Mr. Loja had stated in open court that the debt was not his, but each Defendant nonetheless decided to continue to collect the alleged debt from Mr. Loja, despite this fact.

58. The court in the State Action continued the matter for bench trial on May 18, 2016.

59. Despite Mr. Loja's statement to the court and to Defendants, on March 23, 2016, that the alleged debt was not his, Defendants continued to litigate toward judgment in the State Action.

60. On or around May 4, 2016, Mr. Loja filed an appearance in the State Action and paid an appearance fee of $162.00.

61. On or around May 4, 2016, Mr. Loja mailed his appearance to Defendant Shindler. In the mailing, Mr. Loja included a letter again stating that the debt was not his and that he did not owe the debt.

62. Shindler received Mr. Loja's appearance and letter stating he did not owe the debt, but it ignored Mr. Loja's statement that he did not owe money to Main Street.

63. On or around May 12, 2016, Mr. Loja received a telephone call from an agent or employee of Shindler's who identified himself as an attorney with Shindler, which call was made in connection with the collection of the alleged debt from Mr. Loja.

64. Shindler's attorney was acting in a representative capacity for Main Street.

65. Shindler's attorney acknowledged that Mr. Loja had sent them paperwork, an apparent reference to Mr. Loja's appearance and dispute letter stating the debt was not his.

66. Shindler's attorney attempted to collect the debt by asking Mr. Loja to settle the State Action lawsuit.

67. Mr. Loja responded that he does not have to settle the State Action because the alleged debt is not his.

68. Mr. Loja subsequently retained and paid counsel, attorney Robert Harrer of The Law Office of Robert W. Harrer, P.C., to defend him in the State Action bench trial.

69. On May 4, 2016, Mr. Loja travelled to court and paid an appearance fee of $162.00 in connection with the State Action lawsuit.

70. On May 18, 2016, a bench trial was held and judgment was entered in favor of Mr. Loja, and the case was dismissed <u>with prejudice</u>. (Exhibit B, Order in State Action).

71. At the trial, Mr. Loja's counsel requested that Main Street pay Mr. Loja the $162 for his appearance as is required under § 735 ILCS 5/5-109.

72. Counsel for Main Street objected to returning the appearance fee and Mr. Loja was not reimbursed for his appearance cost.

73. Mr. Loja suffered actual damages as the result of Defendants' actions, including financial damages, including attorney fees and an appearance fee, and emotional distress.

74. As a debt collector, Main Street is vicariously liable for the acts and omissions of Shindler, committed in connection with efforts to collect the alleged debt from Mr. Loja. See *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 U.S. App. LEXIS 6361, at *20 (7th Cir. Apr. 7, 2016) ("Asset Acceptance is itself a debt collector, so under the logic of *Pollice* and *Fox*, it may be held liable for Fulton's violations of the Act in the course of activities undertaken on its behalf.").

75. Defendants' collection communications and activities are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* – MAIN STREET

76. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

12

77.  In its attempts to collect the debt allegedly owed by Plaintiff, Defendant Main Street violated the FDCPA, 15 U.S.C. § 1692 *et seq*. in one or more of the following ways:

   a) Main Street violated 15 U.S.C. § 1692d when it filed the State Action against Mr. Loja in an attempt to collect a debt when it knew or should have known that Mr. Loja did not owe the debt, the natural consequence of which was to harass, oppress, or abuse Mr. Loja;

   b) Main Street violated 15 U.S.C. § 1692d when it continued to litigate the State Action against Mr. Loja, and had Shindler call Mr. Loja to collect the alleged debt and to attempt to have him pay money he didn't owe, in an attempt to collect a debt after it knew or should have known that Mr. Loja did not owe the debt, the natural consequence of which was to harass, oppress, or abuse Mr. Loja;

   c) Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it filed suit against Mr. Loja on a time-barred debt, and when it had Shindler call Mr. Loja asking him to pay a debt he did not owe;

   d) Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in the State Action complaint that Mr. Loja had entered into an agreement for credit on the subject account, when no agreement had been made;

   e) Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in the State Action complaint that Mr. Loja had received a credit card or line of credit when he had never received a credit card or line of credit for the subject account;

   f) Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in the State Action complaint that Mr. Loja defaulted by failing to pay for the indebtedness incurred;

   g) Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in the State Action complaint that credit was opened by Mr. Loja on the subject account;

   h) Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it

       misrepresented in the State Action complaint that "due demand" had been made on Mr. Loja to pay the amount when no demand had been made;

i)     Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in the State Action complaint that an agreement for the alleged debt had been created when it had not;

j)     Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in the State Action complaint that Mr. Loja is indebted to Main Street for the amount of $4018.07, when no such indebtedness existed;

k)     Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in the State Action complaint that Mr. Loja had owed Washington Mutual Finance $4018.07 as of October 18, 2009, when he did not;

l)     Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in the State Action complaint that Mr. Loja could owe the costs of the State Action to Main Street when he could not;

m)     Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in the State Action complaint that Mr. Loja breached the alleged agreement when no agreement existed;

n)     Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in its affidavit attached to the State Action complaint that Mr. Loja requested a Washington Mutual Finance Visa credit card when he did not;

o)     Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in its affidavit attached to the State Action complaint that Mr. Loja "was issued or reissued" a Washington Mutual Finance Visa credit card when he was not;

p)     Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in its affidavit attached to the State Action complaint that the amount of $4018.07 was due and payable from Mr. Loja to Washington Mutual Finance as of March 27, 2014, when no such indebtedness existed;

q)  Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in its affidavit attached to the State Action complaint that Mr. Loja maintained an account with Washington Mutual Finance ending in 3010;

r)  Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in its affidavit attached to the State Action complaint that it had made a demand for payment on the alleged account to Mr. Loja and that he refused to pay;

s)  Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in its affidavit attached to the State Action complaint that Mr. Loja is indebted to Main Street for the amount of $4018.07 as of March 27, 2014, when no such indebtedness existed;

t)  Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in its affidavit attached to the State Action complaint that Mr. Loja "utilized the Account to obtain cash products and/or goods and services" when he had not utilized the account or received any benefit from the account;

u)  Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in its affidavit attached to the State Action complaint communicating that Mr. Loja opened a credit account with Washington Mutual Finance on October 17, 2007, when he had not opened the account;

v)  Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it misrepresented in its affidavit attached to the State Action complaint that Mr. made a payment on the account of $214.59 on or about October 18, 2009, when he had not;

w)  Main Street violated 15 U.S.C. § 1692e(2)(A) when, in the State Action complaint, and in a telephone conversation with Mr. Loja, it falsely represented the character, amount, or legal status of the debt;

x)  Main Street violated 15 U.S.C. § 1692e(2)(A) when, in the State Action affidavit, it falsely represented the character, amount, or legal status of the debt;

y)  Main Street violated 15 U.S.C. § 1692e(2)(B) when, in the State Action complaint, it falsely represented that the services rendered or compensation, specifically the costs of the State Action, may be lawfully received by it for the collection of the alleged debt;

z)  Main Street violated § 1692 e(5) when it made false, deceptive, or misleading representations in the State Action complaint, by threatening to take legal action, by obtaining an judgment against Mr. Loja for the alleged debt, that could not legally be taken;

aa) Main Street violated § 1692 e(5) when it made false, deceptive, or misleading representations in the State Action complaint, thereby threatening to take legal action, by obtaining an judgment against Mr. Loja for the costs of the State Action, that could not legally be taken;

bb) Main Street violated § 1692 e(10) when it made false, deceptive, or misleading representations in the State Action that Mr. Loja was liable for the alleged debt;

cc) Main Street violated §1692e(10) by using false representations or deceptive means to collect a debt by filing the State Action in an attempt to collect the debt from Mr. Loja when it knew or should have known he did not owe the debt;

dd) Main Street violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it filed suit against Mr. Loja on a time-barred debt;

ee) Main Street violated 15 U.S.C. § 1692e by falsely stating in the State Action that the Account is not past the statute of limitations.

78.  As a result of Defendant's actions, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

REQUEST FOR RELIEF—FDCPA—MAIN STREET

WHEREFORE, Plaintiff requests that judgment be entered in his favor against Defendant Main Street Acquisitions Corp., for the following:

a.  Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

b.  Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    c.        Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    d.        Such other or further relief as this Court deems proper.

## COUNT II—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* – SHINDLER

79. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

80. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant Shindler violated the FDCPA, 15 U.S.C. § 1692 *et seq*. in one or more of the following ways:

a) Shindler violated 15 U.S.C. § 1692d when it attempted and continued to attempt to collect the alleged debt by filing and litigating the State Action against Mr. Loja, and by calling Mr. Loja and claiming he owed money and a debt that he should settle, in an attempt to collect a debt after it knew or should have known that Mr. Loja did not owe the debt, the natural consequence of which is to harass, oppress, or abuse Mr. Loja;

b) Shindler violated 15 U.S.C. § 1692e by making false, misleading or deceptive representations in connection with the collection of a debt when it filed suit against Mr. Loja on a time-barred debt, and when it called Mr. Loja, claiming he owed money and a debt that he should settle;

c) Shindler violated 15 U.S.C. § 1692e(2)(A) when it falsely represented the character, amount or legal status of a debt by filing the State Action against Mr. Loja when it knew or should have known that the applicable statute of limitations had expired;

d) Shindler violated 15 U.S.C. § 1692e(2)(A) when it falsely represented the character, amount or legal status of a debt by filing a complaint that contained misrepresentations as described above in paragraphs 42 and 43, by continuing to litigate the State Action against Mr. Loja when it knew he was not the debtor of the debt at issue in that Action, and when it called Mr. Loja claiming he owed a debt that he should settle;

e) Shindler violated 15 U.S.C. § 1692e(2)(B) when it made false, deceptive, or misleading representations in the State Action complaint that the services rendered or compensation, specifically the costs of the State Action, may be lawfully received for the collection of the alleged debt;

f) Shindler violated 15 U.S.C. § 1692e(5) by threatening to take an action that cannot legally be taken, specifically by threatening that judgment could be entered against Plaintiff, when in fact judgment could not be entered because Plaintiff did not owe any

17

debt to Main Street, and the filing of the State Action was in any event barred by the statute of limitations;

81. As a result of Defendant's actions, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

## REQUEST FOR RELIEF—FDCPA—SHINDLER

WHEREFORE, Plaintiff requests that judgment be entered in his favor against Defendant Shindler, for the following:

    a.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    b.    Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    c.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    d.    Such other or further relief as this Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

**The Law Office of M. Kris Kasalo, Ltd.**      By: /s/ *Mario Kris Kasalo*
20 North Clark Street, Suite 3100      Mario Kris Kasalo
Chicago, Illinois 60602
tele 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com

## **CERTIFICATE OF SERVICE**

I, Mario Kasalo, an attorney, hereby certify that on December 27, 2018, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.


By:    /s/ *Mario Kris Kasalo*